UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILBUR E. MULLETT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CAUSE NO. 3:03-CV-608 RM |
| | ) |
| AMERICAN CARGO, INC. | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

This matter comes before the court on American Cargo's motion for summary judgment on Mr. Wilbur Mullett's claims under 42 U.S.C. § 2000e-2, (Title VII of the Civil Rights Act of 1964), 42 U.S.C. § 1981 (as amended by the Civil Rights Act of 1991), and 42 U.S.C. § 12101 *et seq.* (the American with Disabilities Act). The time provided for a response has lapsed, so the motion is ripe for ruling. For the reasons that follow, the court grants the defendant's motion on all claims.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of

material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004).

The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 841-842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'") (quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)). Moreover,

> the plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986). Mr. Mullett is a *pro se* plaintiff, but the standard for reviewing this summary judgment motion is the same

2

regardless of whether a party was represented by counsel. <u>Outlaw v. Newkirk</u>, 259 F.3d 833, 836-837 (7th Cir. 2001).

Because the facts set out by American Cargo in its summary judgment motion are uncontroverted by a response, they are assumed to be true. N.D. IND. R. 56.1; *see also* <u>Flynn v. Sandahl</u>, 58 F.3d 283, 288 (7th Cir. 1995) ("the ... effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact."). Mr. Mullett's lack of response does not automatically render summary judgment appropriate. FED. R. CIV. P. 56(e). American Cargo must still show itself to be entitled to judgment under the law, and for the reasons that follow, the court finds the defendant has done so.

Mr. Mullett asserts claims under Title VII, 42 U.S.C. § 1981, and the ADA. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). 42 U.S.C. § 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." The record contains no evidence that could entitle Mr. Mullett to relief under either of these laws.

Mr. Mullett's remaining claim arises under the ADA, which is founded on American Cargo's alleged unlawful discrimination against him on the basis of his height.[1] Mr. Mullett can proceed on his ADA discrimination claim using either the direct or indirect method of proof. Buie v. Quad/Graphics, Inc., 366 F.3d 496, 503 (7th Cir. 2004). To thwart summary judgment under either method, Mr. Mullett can rely on: "direct evidence (taking the form of, "I fired you because of your ... disability") or ... indirect evidence." Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).

Mr. Mullett can prevail under the direct method only if the record contains "sufficient evidence to allow a rational jury to reasonably conclude that but for [his] ... disability, [American Cargo] would not have fired [him]." Robin v. Espo Eng'g Corp., 200 F.3d at 1089. This method "essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus." Buie v. Quad/Graphics, Inc., 366 F.3d at 503. There is no such admission in the record. Mr. Mullett pleaded in his complaint that American Cargo never told him why he was fired, and he never supplemented the record with any direct evidence contradicting this assertion. Mr. Mullett's deposition testimony (the only competent evidence under FED. R. CIV. P. 56(e) from Mr. Mullet upon which the

---

[1] While American Cargo moves for summary judgment on a possible hostile work environment claim under the ADA, the court doesn't read Mr. Mullett's complaint as stating such a cause of action. Even if such a claim existed, Mr. Mullett's decision to not advance the issue in any of his filings, at his deposition, or in a response to this summary judgment motion renders it factually undeveloped, legally unsupported, and thus waived. See Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 862 (7th Cir. 2005) ("unsupported and undeveloped arguments are waived.").

4

court could rely) doesn't provide the evidence needed from which a rational trier of fact could conclude that American Cargo fired him because of his disability.

Mr. Mullett can prevail under the indirect method if the record contains evidence "from which a rational trier of fact could reasonably infer that the defendant had fired [him] because" of his disability. Robin v. Espo Eng'g Corp., 200 F.3d at 1089-90. There must be evidence that "(1) [Mr. Mullett] is disabled under the ADA; (2)he is qualified to perform the essential functions of his job with without reasonable accommodation; and (3) he has suffered from an adverse employment decision because of the disability." Buie v. Quad/Graphics, Inc., 366 F.3d at 503. If Mr. Mullett makes this prima facie case of discrimination, then the burden of production shifts to American Cargo "to articulate a nondiscriminatory reason for each adverse employment action." Id. If American Cargo meets that burden, Mr. Mullett "must prove by a preponderance of the evidence that [American Cargo's] proffered reasons were a pretext for intentional discrimination." Id.

American Cargo says Mr. Mullett can't make a prima facie case for discrimination because he cannot show he is "disabled" within the meaning of the ADA, which defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

5

To fall under the definition of actually disabled under 42 U.S.C. § 12102(2)(A), Mr. Mullett must show that he "1) has an impairment that 2) substantially limits one or more of the major life activities." <u>Krocka v. City of Chicago</u>, 203 F.3d 507, 512 (7th Cir. 2000). Mr. Mullett cannot proceed under this definition. In his deposition testimony, Mr. Mullett could not identify any major life activity that his height kept him from performing, and the record contains no other evidence of this required element. Mr. Mullett does not fall under the definition of actually disabled under 42 U.S.C. § 12102(2)(A).

Neither can Mr. Mullett proceed under 42 U.S.C. § 12102(2)(C). For Mr. Mullett to successfully make a claim under the "regarded as" prong, "it is necessary that [American Cargo] entertain[ed] misperceptions about [him]… [t]hese misperceptions may take the form of believing either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment, when, in fact, the impairment is not so limiting." <u>Krocka v. City of Chicago</u>, 203 F.3d at 514 (citations and quotations omitted). No reasonable juror could infer from the summary judgment record that American Cargo held any misperceptions about Mr. Mullett's physical ability to perform his work. Mr. Mullett testified that American Cargo did not discuss his height when he was hired and never afforded him any special accommodations or special treatment. Mr. Mullett may not proceed under the "regarded as" prong, and so cannot make a prima facie case of discrimination under the ADA.

Even if the court were to assume that Mr. Mullett satisfied the requirements of a prima facie case with respect to his discrimination claim, *see* United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983) ("Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant."); *see also* Hall v. Bodine Elec. Co., 276 F.3d 345, 357-358 (7th Cir. 2002) ("[W]e will assume [plaintiff] has made out a prima facie case, and move directly to the question of pretext. We do so not because we are convinced Hall has established a prima facie case ... but because our analysis of that issue would substantially overlap with the question of pretext."), he still couldn't prevail because he hasn't presented evidence from which a jury could reasonably infer that American Cargo's reason for terminating him was pretextual. *See* Rhodes v. Illinois Dept. of Transp., 359 F.3d 498, 508 (7th Cir. 2004).

Pretext means "a lie, specifically a phony reason for some action," Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995), completely lacking a factual basis, *see* Jordan v. Summers, 205 F.3d 337, 343 (7th Cir. 2000), and "unworthy of credence, thus raising the inference that the real reason is discriminatory [or retaliatory]." Essex v. United Parcel Serv., 111 F.3d 1304, 1309 (7th Cir. 1997). To demonstrate pretext, the record must contain ample competent evidence that supports the claim that the proffered reason of the company wasn't its true motivation or sufficient to motivate its actions. O'Neal v. City of New Albany, 293 F.3d 998, 1005 (7th Cir. 2002).

American Cargo says it terminated Mr. Mullett because he wasn't performing up to its legitimate expectations. The unrebutted record shows that American Cargo explained to Mr. Mullett that he wasn't working fast enough, and he would be terminated if his performance didn't improve. When Mr. Mullet's performance didn't improve, American Cargo fired him, as it said it would. There is no evidence in the record indicating that American Cargo relied on Mr. Mullett's unsatisfactory performance in bad faith. *See* Green v. National Steel Corp., Midwest Div., 197 F.3d 894, 899 (7th Cir. 1999) ("if an employer acted in good faith and with an honest belief, [the court] will not second-guess its decisions"). For all these reasons, American Cargo is entitled to summary judgment on Mr. Mullett's discrimination claim under the ADA.

For the reasons set forth above, the court GRANTS American Cargo's motions for summary judgment [Doc. No. 26] on all claims. The clerk shall enter judgment for the defendant.

SO ORDERED.

ENTERED: October 19, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court